UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK MICHAEL BELSER,

                              Petitioner,

          v.

RON HAYNES,

                              Respondent.

CASE NO. 3:21-cv-05743-RSL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  November 26, 2021

The District Court has referred this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to Chief United States Magistrate Judge J. Richard Creatura, as authorized by 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Pursuant to the Rules Governing Section 2254 Cases in the United States District Court ("2254 Rules"), the Court has reviewed the petition in this matter and finds that petitioner is not entitled to relief in the district court. Rule 4, 2254 Rules. This petition is second or successive, and petitioner has not obtained an order from the Ninth Circuit authorizing this Court to consider his petition. His petition is therefore subject to dismissal without prejudice, and no certificate of appealability should issue.

**DISCUSSION**

On July 20, 2017, a jury found petitioner guilty of second and third degree rape of a child, second and third degree child molestation, and sexual exploitation of a minor under Clark County Cause Number 17-9-03281-5.  Dkt. 11-1, at 2, *Belser v. Haynes*, 3:20-cv-05228-BHS ("*Belser* I").  On September 18, 2017, the state court entered a sentence of 350 months in total confinement.  *See* Dkt. 11-1, at 6, *Belser* I.

In 2020, petitioner filed a writ for petition of habeas corpus related to his judgment and sentence in this Court.  *See* Dkt. 1, *Belser* I.  As grounds for relief, petitioner asserted arguments that he did not voluntarily waive his right to counsel.  *See generally* Dkt. 4, *Belser* I.  The undersigned entered a Report and Recommendation to deny the petition on its merits.  Dkt. 13, *Belser* I.  The District Court adopted the Report and Recommendation and closed the case.  Dkt. 16, *Belser* I.

On October 6, 2021, petitioner instituted the pending matter.  *See* Dkt. 1.  Petitioner challenges the same judgment and sentence as in *Belser* I.  *See* Dkt. 5, at 1.  As grounds for relief, petitioner now asserts that his "PRP [personal restraint petition] is timebarred" (Dkt. 5, at 5); "Brady violation" (Dkt. 5, at 7); ineffective assistance of counsel (Dkt. 5, at 8); and that the "Court of Appeals miscalculated Faretta's required 'maximum penalty.'"  Dkt. 5, at 10.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it fits within one of three exceptions in 28 U.S.C. § 2244.  28 U.S.C. § 2244(b)(2); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits.").  And "[b]efore a second or successive application permitted by [28 U.S.C. § 2244] is filed in the district court, the applicant

1    shall move in the appropriate court of appeals for an order authorizing the district court to

2    consider the application." 28 U.S.C. § 2244(b)(3)(A).

3           Petitioner has not provided any evidence that he has moved for the Ninth Circuit to

4    authorize this Court to consider his second petition. This Court denied his previous petition on

5    the merits. *See* Dkt. 16, *Belser* I. And it is clear from petitioner's submission that he challenges

6    the same judgment and sentence as previously at issue in *Belser* I. Petitioner acknowledges as

7    much, although he attempts to distinguish this matter as an "indirect[]" challenge to that

8    conviction (by way of challenging the decision on his PRP in state court). Dkt. 5, at 12.

9           Having found that the petition is successive and since it presents grounds not identical to

10   those presented in the prior habeas petition, the Court must dismiss this petition unless petitioner

11   shows that he obtained an order authorizing the Court to consider the petition. It is for the Ninth

12   Circuit, in the first instance, and not this Court, to determine whether or not petitioner's grounds

13   for relief meet the exceptions in 28 U.S.C. § 2244(b)(2); *see also* Rule 9 of the Rules Governing

14   Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *Woods v.*

15   *Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

16          Therefore, the Court recommends dismissal of the petition without prejudice. *See*

17   *Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

18          Petitioners seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

19   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

20   (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner

21   has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §

22   2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could

23   disagree with the district court's resolution of his constitutional claims or that jurists could

24

1   conclude the issues presented are adequate to deserve encouragement to proceed further."

2   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

3   (2000)). Reasonable jurists would not disagree that this petition is subject to dismissal under the

4   standards set forth herein. Pursuant to this standard, this Court concludes that petitioner **is not**

5   entitled to a certificate of appealability with respect to this petition.

6                                               **CONCLUSION**

7           The petition should be dismissed without prejudice, and no certificate of appealability

8   should issue. If petitioner wishes to file a second or successive petition in this Court, he must

9   obtain an order from the Court of Appeals authorizing the district court to consider the petition.

10  28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the

11  United States District Court.

12          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

14  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

16  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

17  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

18  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

19  November 26, 2021, as noted in the caption.

20          Dated this 5th day of November, 2021.

21

22                                                          J. Richard Creatura

23                                                          Chief United States Magistrate Judge

24